# UNITED STATES DISTRICT COURT
## Eastern District of California

### Superseding Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:**  Mayo Martinez Murillo                **Docket Number:**  1:12CR00292-003

**Name of Judicial Officer**:  United States District Judge Dale A. Drozd

**Date of Original Sentence:**  7/22/2013

**Original Offense:** 21 U.S.C. § 841(a)(1), Manufacturing 100 or More Marijuana Plants  (Class B Felony)

**Original Sentence:** 60 months Bureau of Prisons, 48 months supervised release, Mandatory Drug Testing, $100 special assessment.

**Special Conditions:** 1) Warrantless Search; 2) Financial Disclosure; 3) Drug/Alcohol Treatment; 4) Drug/Alcohol Testing; 5) Pager/Cellular Phone Restriction; 6) Aftercare Co-payment; 7) Drug Registration ; 8) Gang Associations

**Type of Supervision:**  Supervised Release

**Date Supervision Commenced:**  12/23/2016

**Other Court Actions:**

**09/26/2017:**    Probation Form 12C, Petition for Warrant, filed alleging Unlawful Use of a Controlled Substance, Failure to Participate in Drug Testing as Directed, Failure to Notify of Change in Residence, and New Law Violation.  Court ordered warrant for arrest.

---

### PETITIONING THE COURT

☐  **TO ISSUE A WARRANT**

☒  **OTHER:    TO SUPERSEDE THE PETITION FILED ON SEPTEMBER 26, 2017, WITH AN ADDITIONAL CHARGE.**

RE: **Mayo Martinez Murillo**                                    Docket Number: 1:12CR00292

The probation officer alleges the offender has violated the following conditions of supervision:

**Charge Number**          **Nature of Violation**

**Charge 1:**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On August 10, 2017, the offender tested positive for marijuana. This is in violation of the standard condition: "The defendant shall refrain from any unlawful use of a controlled substance."

**Charge 2:**     **FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED**

On September 5 and September 18, 2017, the offender failed to report to drug testing as directed. This is in violation of special condition number 4: "As directed by the probation officer, the defendant shall participate in a program of testing to determine if he has reverted to the use of drugs or alcohol."

**Charge 3:**     **FAILURE TO NOTIFY OF CHANGE IN RESIDENCE**

On or about September 20, 2017, the offender moved from his reported residence without notifying his probation officer. This is in violation of the standard condition: "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."

**Charge 4:**     **NEW LAW VIOLATION**

On September 1, 2017, the offender deliberately vandalized the victim's window to her residence. This is in violation of the mandatory condition: "The defendant shall not commit another federal, state, or local crime", and in violation of California Penal Code Section 148(a)(1).

**Charge 5:**     **NEW LAW VIOLATION**

On November 22, 2017, the offender was convicted of Unlawfully Taking of a Vehicle in Fresno County Superior Court Case No. F17905900. This is in violation of the mandatory condition: "The defendant shall not commit another federal, state, or local crime", and in violation of California Vehicle Code Section 10851(a).

**Justification:** The offender commenced supervision on December 23, 2016. On August 11, 2017, the offender reported to the probation office and submitted a positive urine sample for marijuana. As a result of his relapse with drugs, the offender was referred to drug testing for further monitoring. On September 1, 2017, the offender was named as a suspect in an offense involving vandalism in Fresno Police Department case no. 17-057398. According to the law enforcement reports, the offender went to the victim's residence, a former girlfriend, in an attempt to speak with her. However, when the victim refused to open the front door, the offender became angry and started kicking the door. Shortly after, the victim saw the offender pick up a stick and break a window, which was adjacent to a rear door that led to her bedroom. The offender left the scene before officers arrived. On September 5, 2017, the offender failed to report to drug testing as directed. On September 20, 2017, the Probation Office received a telephone message indicating the offender was no longer residing at his reported address.

RE: **Mayo Martinez Murillo**                    Docket Number: 1:12CR00292

The offender has discontinued all contact with the probation office, and his current whereabouts are unknown.

On October 6, 2017, the offender was arrested by Fresno Sheriff's Department for stealing a 2012 Chevy Cruze (approximate value $10,000). On November 22, 2017, the offender was sentenced to two years formal probation and 97 days in custody for Unlawfully Taking of a Vehicle (Fresno County Superior Court Case No. F17905900).

**Detention:** Considering the nature of the violations and the offender's failure to comply with his supervision conditions, it is recommended a no-bail warrant be issued and the Court detain him pending disposition as he is deemed a risk to himself and the community, as well as a flight risk.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**   **November 28, 2017**
                   **Fresno, California**

                                        Respectfully submitted,
                                        **/s/ Marlene K. DeOrian**

                                        **Marlene K. DeOrian**
                                        **Senior United States Probation Officer**
                                        Telephone: (559) 499-5729

**DATED:**   **11/28/2017**

                                        Reviewed by,
                                        **Tim D. Mechem**

                                        **Tim D. Mechem**
                                        **Supervising United States Probation Officer**

RE: **Mayo Martinez Murillo**  Docket Number: **1:12CR00292**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

This petition supersedes the Petition filed on September 26, 2017, with an additional violation charge. Initial appearance on Superseding Petition and detention hearing set for 11/29/2017, at 2:00 p.m. before Magistrate Judge Stanley A. Boone.

IT IS SO ORDERED.

Dated:  **November 28, 2017**

UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Kevin P. Rooney

United States Marshal Service

STATEMENT OF EVIDENCE OF ALLEGED

SUPERVISED RELEASE VIOLATIONS

Honorable Dale A. Drozd
United States District Judge
Fresno, California

                                                  RE:     Murillo, Mayo Martinez
                                                          **Docket Number:** 1:12CR00292-03 DAD

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**  **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

    a. **Evidence:**

        i. Admission Report of Positive Drug Test Signed by the Offender dated August 10, 2017.

    b. **Witnesses:**

        i. United States Probation Officer Marlene K. DeOrian.

**Charge 2:**  **FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED**

    a. **Evidence:**

RE: **Mayo Martinez Murillo**  Docket Number: 1:12CR00292

      i. Turning Point Aftercare Notification Reports.

  **b. Witnesses:**

      i. United States Probation Officer Marlene K. DeOrian.

**Charge 3:**     **FAILURE TO NOTIFY OF CHANGE IN RESIDENCE**

  **a. Evidence:**

      i. None.

  **b. Witnesses:**

      i. United States Probation Officer Marlene K. DeOrian.

**Charge 4:**     **NEW LAW VIOLATION**

  **a. Evidence:**

      i. Fresno Police Department report case no. 17-057398.

  **b. Witnesses:**

      i. United States Probation Officer Marlene K. DeOrian.

**Charge 5:**     **NEW LAW VIOLATION**

  **a. Evidence:**

      i. Fresno Sheriff's Department report case no. 170014710.1.

  **b. Witnesses:**

      i. United States Probation Officer Marlene K. DeOrian.

      Respectfully submitted,

RE: **Mayo Martinez Murillo**               **Docket Number: 1:12CR00292**

                                                 **/s/ Marlene K. DeOrian**

                                                 **Marlene K. DeOrian**
                                                 **Senior United States Probation Officer**
**DATED:**   11/28/2017                     Telephone: (559) 499-5729
               Fresno, California

                                                 Reviewed by,
                                                 **/s/ Tim D. Mechem**

                                                 **Tim D. Mechem**
                                                 **Supervising United States Probation Officer**

RE: **Mayo Martinez Murillo**  Docket Number: **1:12CR00292**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:**  Mayo Martinez Murillo    **Docket Number:**  1:12CR00292-03

**Date of Original Offense:**  07/22/2013

**Original term of supervised release imposed:** 4 years

**Highest grade of violation alleged:** B

**Criminal History Category of offender:** I

**Original guideline range:** 60 to 71 **months.**

**Chapter 7 range of imprisonment:** 6 to 12 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

- ☐ **Class A felony - 5 years (or stat max of years if longer)**
- ☒ **Class B felony - 3 years**
- ☐ **Class C and/or D felony - 2 years**
- ☐ **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:  YES:** ☒   **NO:** ☐

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**   Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**   Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.